IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:04cv750 |
| | ) | |
| ONE PARCEL OF PROPERTY | ) | (WO) |
| LOCATED AT 892 COUNTY ROAD | ) | |
| 505, VERBENA, CHILTON COUNTY, | ) | |
| ALABAMA, WITH ALL | ) | |
| APPURTENANCES AND | ) | |
| IMPROVEMENTS THEREON | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This is an action for civil forfeiture of a parcel of property located at 892 County Road 505, Verbena, Chilton County, Alabama, with all appurtenances and improvements thereon ("Defendant Property"), brought by the United States pursuant to 21 U.S.C. § 881(a)7.  On September 24, 2004, claimant Billy Wayne Simmons filed an answer (Doc. # 8) and a verified claim (Doc. # 9) to the Defendant Property.  Pending before the court is the government's motion for summary judgment. (Doc. # 27).  On July 18, 2005, Simmons filed a response to the United States' motion.  (Doc. #33).  The United States filed a reply on July 25, 2005 (Doc. # 34), and filed additional evidence on August 8, 2005 (Doc. # 37).

The court has jurisdiction of this matter pursuant to 28 U.S.C. § 1345 and 28 U.S.C.

§ 1355.  After careful review of the motion, the briefs filed in support of and in opposition to the motion, and the supporting and opposing evidentiary materials, the court concludes that the motion for summary judgment is due to be denied.

## II. LEGAL STANDARDS

Under FED. R. CIV. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).[1]  The applicable statute permits forfeiture of property used to commit or facilitate a felony, in this case drug trafficking, whose penalty is imprisonment for more

---

[1]   In *Celotex*, the court stated:

[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue .
. . Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by .
. .
affidavits, or by the "depositions, answers to interrogatories, and admissions on file,"
designate "specific facts showing that there is a genuine issue for trial . . . We do not
mean that the nonmoving party must produce evidence in a form that would be
admissible at trial in order to avoid summary judgment . . . Rule 56(e) permits a
proper summary judgment motion to be opposed by any of the kinds of evidentiary
materials listed in Rule 56(c) except the mere pleadings themselves. . ..

477 U.S. at 324.

than one year.[2]  21 U.S.C. § 881(a)(7).

The government's initial burden is to demonstrate, "by a preponderance of the evidence, that the property is subject to forfeiture." *See* 18 U.S.C. § 983(c); *see also United States v. Twenty-Three Thousand Ninety Dollars($23,090.00) in U.S. Currency*, ___ F.Supp.2d ___, 2005 WL 1562418, *4 (S.D. Fla. June 30, 2005).  Because the government's theory of forfeiture in this action "is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense...," the government must also establish by a preponderance of the evidence "that there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3).   The government is entitled to use evidence "gathered after the filing of a complaint for forfeiture." 18 U.S.C. § 983(c)(2).

If the government satisfies its initial burden, the burden then shifts to the claimant to establish that the Defendant Property is not subject to forfeiture.  *Id.*

### III. DISCUSSION

---

[2] The text of 21 U.S.C. § 881(a)(7) provides that:
The following shall be subject to forfeiture to the United States and no property right shall exist in them:
. . .

**(7)** All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment.

For reasons to be discussed, the court concludes that there are disputed issues of material fact which require that summary judgment be denied in this case.

The United States must show by a preponderance of the evidence that there is a substantial connection between the Defendant Property and a drug trafficking felony punishable by more than one year in jail.  To do so, the United States primarily relies on evidence gathered during Simmons' criminal proceeding.  *See United States v. Billy Wayne Simmons,* 02:04CR126 (M.D. Ala. 2004). On September 9, 2004, Simmons filed a plea agreement (Doc. # 53), and Judge Delores R. Boyd heard Simmons's change of plea. (Doc. # 54).  Judge Myron H. Thompson accepted Simmons's guilty plea on September 28, 2004 (Doc. # 61).  Simmons pled guilty to Counts 2 and 4 of a six-count indictment.  Count 2 charged possession of a firearm in furtherance of a drug trafficking crime and Count 4 charged possession of a firearm while addicted to a controlled substance.  The United States dismissed the other four counts on January 4, 2005 at Simmons's sentencing hearing (Doc. # 66).

The United States relies on the following evidence to establish that the Defendant Property is subject to forfeiture: (1) Simmons pled guilty to possessing a firearm in connection with drug trafficking; (2) federal law enforcement officers witnessed individuals smoking marijuana at the Defendant Property on March 10, 2004; (3) officers found marijuana roaches, seeds, scales and firearms, and money in a safe at the Defendant

Property on March 10, 2004; (4) a confidential informant conducted a controlled buy at the Defendant Property on September 20, 2001; (5) the confidential informant made earlier uncontrolled purchases of marijuana at the Defendant Property; (6) Simmons admitted that he is an habitual marijuana user, and admitted to smoking marijuana and giving out small quantities to others free of charge on the property; and (6) Simmons has a 1982 conviction for distribution of marijuana.[3]   The United States contends that the plea agreement establishes that Simmons engaged in drug trafficking on the Defendant Property, and that he is estopped from maintaining otherwise.

However, Simmons maintains that nearly all of these points were disputed at the change of plea hearing, and argues that neither the guilty plea nor the small quantity of marijuana found are sufficient to establish by a preponderance of the evidence the substantial connection required to forfeit the Defendant Property.   Simmons notes that the details written in the plea agreement differ from the facts stated at the change of plea hearing regarding the nature and location of any drug trafficking.   The United States did not attempt to clarify or resolve the apparent conflicts at the hearing.   Simmons contends that there are genuine issues of material fact that preclude summary judgment because (1) the United States has not shown that drugs were trafficked on the Defendant Property and

---

[3]  Of course, a 1982 conviction for distribution at a different house (which took place when Simmons was 18 or 19) cannot establish that Simmons trafficked drugs on property purchased fourteen years later in 1996.  Simmons Dep. at 38.

5

(2) the forfeiture of the Defendant Property would violate Simmons's Eighth Amendment rights as an excessive fine.

The court concludes that Simmons is not collaterally estopped by his plea agreement from arguing that there was not a substantial connection between the property and the offense to which he pled guilty. Under Eleventh Circuit law, "[f]or purposes of applying the doctrine of collateral estoppel, there is no difference between a judgment of conviction based upon a guilty plea and a judgment rendered after a trial on the merits." *Blohm v. C.I.R*, 994 F.2d 1542, 1554 (11th Cir. 1993) (citations omitted). "The conclusive effect is the same." *Id.*   A guilty plea is an admission that a defendant committed the crime charged against him – that is, an admission of all the elements of a formal criminal charge.  *Id*.  Thus, by entering a guilty plea, Simmons admitted the elements of the offense to which he plead guilty, and he is collaterally estopped from contending otherwise.   However, the question before the court is whether Simmons' admission of these elements, or of the facts underlying the plea agreement, is sufficient to entitle the government to summary judgment in this case.

Count 2 of the superceding indictment, to which Simmons plead guilty, charged that Simmons violated 18 U.S.C. §924(c)(1)(A)(1) as follows: "[o]n or about March 10, 2004, in Chilton County, Alabama, in the Middle District of Alabama, BILLY WAYNE SIMMONS, defendant herein, did knowingly use and carry a firearm during and in relation to, and did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be

prosecuted in a Court of the United States, that is to knowingly and intentionally possess with intent to distribute marijuana and attempting to manufacture marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) as charged in Count 1 of this indictment ... ." The elements of this offense, as set out in the Eleventh Circuit's pattern jury instructions, are (1) that the defendant committed the drug trafficking offense charged in Count 1 of the indictment; (2) that during the commission of that offense the defendant (3)  knowingly carried or possessed a firearm, as charged; and (3) that the defendant carried the firearm "in relation to" or possessed the firearm "in furtherance of" the drug trafficking offense.  *See* Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Section 35.2 (West 1997).  Count 1 charged that "[f]rom an unknown date to on or about March 10, 2004 … in Chilton County, within the Middle District of Alabama, and elsewhere" Simmons "did knowingly and intentionally possess with intent to distribute marijuana ...." The elements of this offense under 21 USC § 841(a)(1) are (1) that the defendant knowingly and willfully possessed a controlled substance as charged; and (2) that the defendant possessed the substance with the intent to distribute it. *See id.* at Section 64.07.

Thus, by pleading guilty to Count 2, Simmons admitted that on or about March 10, 2004, in Chilton County, Alabama, he knowingly and willfully possessed marijuana with intent to distribute it, and knowingly carried or possessed a firearm in relation to or in

furtherance of the drug trafficking offense.   However, this admission, standing alone, is

insufficient to establish that there was a substantial connection between the Defendant

Property and the offense to which Simmons pled guilty.

Nor do the facts underlying the guilty plea establish the requisite connection, as

these facts are clearly in dispute. Defendant signed a plea agreement in which he admitted

that:

> [o]n March 10, 2004, officers executed a search warrant at the residence of the
> defendant, Billy Wayne Simmons.  During the search, officers found the 14
> firearms described in the indictment and which had moved in interstate or
> foreign commerce.  The firearms were strategically placed throughout the
> residence to make them available to protect the defendant and the marijuana
> inside the residence.  In addition, the officers found marijuana, a set of scales,
> and other indicia of narcotics trafficking.  Prior to executing the search,
> surveillance teams saw the defendant and another person smoking marijuana
> outside the residence.  Subsequent to his arrest and advisement of rights the
> defendant admitted he is addicted to and a user of marijuana.  Prior to the
> search warrant, law enforcement conducted a controlled purchase of
> marijuana from the defendant at the residence.

Plea Agreement (Doc. #53) at 5.   However, at the change of plea hearing, there was

significant confusion about whether these facts were correct.   There, Simmons denied that

he ever sold drugs to a confidential informant on the Defendant Property.   Simmons Change

of Plea Transcript at  26; *see also* Simmons Dep. at 39.[4]   He denied that there were any guns

---

[4]  The government contends that the transcript of the change of plea hearing establishes that
"an individual came to the residence on the defendant property to purchase marijuana."  Brief at 3.
However, at most, the plea colloquy establishes that the residence "was a house where there had
been an informant sent in to buy some marijuana on a previous occasion." Simmons' Change of Plea
Transcript at 24.  As noted *infra*, Simmons actually denied selling marijuana to the confidential

at the Defendant Property when the informant visited – a visit which took place some years before the guns were found pursuant to the search warrant. *Id.* Simmons said that he did not purchase the firearms in question for himself, but for his son.. *Id.* at 21. He also denied that federal agents had seen him smoking marijuana with another person on the Defendant Property on the day that the United States found the firearms. *Id.* at 24-5.[5]

When these conflicts arose, the United States indicated that it did not need further questioning.

> Mr. MOORER: And Your Honor, I don't think for this particular charge that he is pleading guilty to, the controlled purchase, which was charged in a separate count, that we are dismissing that.
> MR. PARKMAN: They are dismissing that.
> MR. MOORER: I don't think that's an essential part of this particular charge, the using the firearm in connection with a drug trafficking offense, because they found the marijuana and the marijuana seeds and the money and the firearms all within the house within close proximity to each other. And he has admitted that he had the ability, if he chose to, to have possession of the firearms on that day.

Simmons' Change of Plea Transcript, 26.

The United States asserted that it did not need to establish facts for the controlled buy because those facts applied to Count 1, which was being dismissed. Instead, the

---

informant at the change of plea hearing.

[5] In his deposition, Simmons also testified that he "wouldn't say [he and his friend, Charles Nance] smoked [marijuana] that morning." Simmons Dep. at 16. He testified that he never sold anybody any marijuana, and that the most marijuana he had ever had at his residence at one time was an ounce. *Id.* at 45.

United States relied only upon evidence that the Defendant Property contained a small quantity of marijuana, marijuana seeds, cash, and firearms when the firearms were found. *Id.* at 26. However, this evidence involved only a personal quantity of marijuana, and no evidence of a sale.[6] Later, when the United States asked Simmons in a deposition in preparation for the forfeiture hearing if he had ever sold marijuana, he said no, and the United States did not pursue questioning on that topic. Simmons Dep. 44-5. At the sentencing hearing, the United States described the amount of marijuana found at the Defendant Property this way: "[i]t was a small quantity, Your Honor, It [sic] was - the marijuana and the drug portion of the case was not the primary federal interest." Simmons's Resp. To Pl. Mot. For Summ. J., Exh. J., 7.

Accordingly, the court the court finds that Simmons is not collaterally estopped from challenging the United States' interpretation of Simmons's criminal proceedings. Under the doctrine of collateral estoppel, "a party is precluded from litigating an issue only if the identical issue has been actually litigated in a prior suit that could not have been decided without resolving the issue." *United States v. Satterfield*, 743 F.2d 827, 838 (11th Cir. 1984). "What issues were actually litigated in the criminal proceeding is a factual question that must be determined on a case-by-case basis. ... The facts underlying a criminal offense that

---

[6] The marijuana found appears to have been in the form of five or six roaches in the ashtrays. Simmons Dep. at 20. No bagged marijuana was seized, according to the evidence presently before the court. *Id.*

gives rise to a restitution order will be given collateral estoppel effect only if they were fully and fairly litigated at the criminal trial, or stipulated through a guilty plea." In this case, the drug trafficking charge was not actually litigated; Simmons pled guilty only to counts involving firearms. Nor were the facts underlying the offense conclusively determined by stipulation through a guilty plea in a prior proceeding, as Simmons' deposition testimony, the signed plea agreement, the testimony at the change of plea hearing, and the sentencing hearing conflicted. The United States failed to resolve the conflict, despite the fact that it already contemplated bringing this forfeiture proceeding before and during Simmons's change of plea and sentencing hearings. *See* Docs. # 29, 59.

While there is ample evidence that Simmons smoked marijuana on the Defendant Property along with friends, and that a small quantity of marijuana and seeds were found on the Defendant Property, the United States does not have undisputed evidence that even one sale took place there. Nor can the United States establish a substantial connection between drug trafficking and the Defendant Property by pointing out that Simmons offered small quantities of marijuana to friends at no charge. The statute equates this behavior with simple possession, not with distribution.[7] Thus, taking the facts in the light most favorable

---

[7] Notwithstanding paragraph 1(D) of this subsection, any person who violates subsection (a) of this section by distributing a small amount of marihuana for no remuneration shall be treated as provided in section 844 of this title and section 2607 of Title 18. 21 U.S.C. § 841(b)(1)(D)(4). Simmons testified that he bought an ounce a week, and smoked it himself, except that "if people came over, I smoked it with them." Simmons Dep. at 44. "[I]t was just like a social thing." *Id*. Simmons said that he had never sold anybody marijuana, but "if they ask me for a joint, I'll give

to the non-movant, there is a dispute of material fact as to whether there was a substantial connection between the Defendant Property and the offense to which Simmons pled guilty

The court need not reach Simmons's argument that forfeiture of the Defendant Property would violate his Eighth Amendment rights, as it has already concluded that summary judgment is due to be denied.

## IV. CONCLUSION

Accordingly, for the reasons stated, it is the RECOMMENDATION of the Magistrate Judge that the United States' Motion for Summary Judgment (Doc. # 27) be DENIED. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before October 4, 2005. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error

---

them a joint." *Id.* at 45.

or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 22nd day of September, 2005.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE