```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF ALABAMA
                   NORTHERN DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:04CV750 |
| | ) | |
| v. | ) | |
| | ) | |
| ONE PARCEL OF PROPERTY LOCATED | ) | MEMORANDUM AND ORDER |
| AT 892 COUNTY ROAD 505, VERBENA, | ) | |
| CHILTON COUNTY, APPURTENANCES AND | ) | |
| IMPROVEMENTS THEREON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the government's motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) (Filing No. 59). Having reviewed the motion and the applicable law, the government's motion to alter or amend the judgment will be denied.

**BACKGROUND**

Plaintiff, United States of America, commenced this civil *in rem* forfeiture action seeking forfeiture of the defendant Property, pursuant to 21 U.S.C. § 881(a)(7). Billy Wayne Simmons, the owner of the defendant Property, filed a verified claim contesting forfeiture. Based on the evidence presented during a non-jury trial held on March 17, 2006, the Court held that the defendant Property was substantially connected to the distribution of a controlled substance under 21 U.S.C. § 841 and was thus forfeitable under 21 U.S.C.

§ 881(a)(7).  The Court further found, however, that forfeiture of the $102,000 of equity Simmons has in the defendant Property would be disproportionate to the gravity of his conduct and thus unconstitutionally excessive under the Eighth Amendment.  The Court entered judgment in favor of Simmons on April 3, 2006, and dismissed the government's complaint.  The government subsequently filed the instant motion seeking reconsideration of the Court's Eighth Amendment decision.

## LEGAL STANDARD FOR RECONSIDERATION

"In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly."  *Gougler v. Sirius Products, Inc*., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005); *see also United States v. Bailey,* 288 F.Supp. 2d 1261, 1267 (M.D. Fla.2003); *Pennsylvania Ins. Guar. Ass'n v. Trabosh,* 812 F.Supp. 522, 524 (E.D. Pa.1992); *Spellman v. Haley,* 2004 WL 866837, *2 (M.D. Ala. Feb. 22, 2002) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling").  As a general rule, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice."  *Summit Medical Center of Alabama, Inc. v. Riley,* 284 F.Supp. 2d 1350, 1355 (M.D. Ala.2003).  The grant or denial of a

motion to reconsider is left to the discretion of the district court.  *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000).

## DISCUSSION

The government advances three arguments in support of its motion for reconsideration.  First, the government argues that the Court should alter its judgment because Simmons' use of a firearm during the attempted controlled buy with the confidential informant ("CI"), the alleged long term association of the defendant Property with drug distribution, and Simmons' long term involvement with marijuana, in conjunction with the controlled buy occurring on the defendant Property, support a finding that forfeiture is not excessive.  These arguments were raised, considered, and implicitly rejected by the Court in its Memorandum Opinion.  The evidence presented in this case simply does not support the government's characterization that the defendant Property was a location for substantial drug trafficking; the only evidence of drug distribution occurring on the defendant Property involved one controlled buy for 109.94 grams of marijuana worth approximately $375.  While Simmons' threatening use of a firearm during the attempted controlled buy with the CI certainly increases the gravity of his conduct, it, in conjunction with the 109.94 grams of marijuana seized as a result of the controlled buy, does not warrant forfeiture of the

-3-

approximately $102,000 of equity Simmons has in the defendant Property.

Second, the government argues that the Court, for purposes of its excessiveness analysis, should have utilized the $4,000 to $40,000 fine range under the United States Sentencing Guidelines ("the Guidelines"), which is applicable to the firearms counts to which Simmons plead, rather than the $500 to $5,000 fine range under the Guidelines, which is applicable to the controlled substance offense on which forfeiture was premised.  This argument is without merit.

The proper Guidelines' fine range to be considered in assessing excessiveness is the fine range for the criminal activity on which forfeiture was premised.  *See United States v. One Parcel of Property Located At 427 and 429 Hall Street, Montgomery, Montgomery County, Alabama, With All Appurtenances and Improvements Thereon,* 74 F.3d 1165, 1167-68, 1172 (11th Cir. 1996) (utilizing Guidelines' fine range that would have been imposed had the property claimant been convicted of the federal crime under the Controlled Substances Act upon which forfeiture was premised rather than upon the claimant's state court simple possession conviction).  In this case, the government's theory of forfeiture was that the defendant Property was used to distribute marijuana, in violation of 21 U.S.C. § 841.  Thus, the relevant fine range to be considered in assessing excessiveness, is the

-4-

$500 to $5,000 fine range that would have applied had Simmons pled guilty or been convicted of violating § 841.  Because this was the fine range utilized by the Court, the Court declines to reconsider that issue here.

Third, the government argues, citing *Hall Street*, 74 F.3d at 1172, that the Court, rather than eliminating forfeiture altogether, should order a partial forfeiture of the defendant Property in the amount of $65,000, pursuant to 18 U.S.C. § 983(g)(4).[1]  This argument, likewise, is without merit.

In *Hall Street*, the Eleventh Circuit held that forfeiture of property worth $65,000 was not excessive where the property claimant had possessed three grams of cocaine with intent to distribute it within five hundred feet of a junior high school, which was a Level 14 offense, resulting in a Guidelines' fine range of $4,000 to $40,000.  *Id*.  By contrast, the distribution of the 109.94 grams of marijuana involved in the present case, which is a Level 6 offense, would have resulted in a Guidelines' fine range of $500 to $5,000.  Because the offense level and fine range in the present case is significantly lower than that in *Hall Street*, the Court finds *Hall Street* unpersuasive.  The Court further concludes that a partial

---

[1] Title 21, U.S.C. § 984(g)(4), provides that a Court, which has found forfeiture to be grossly disproportional to the offense, shall reduce or eliminate the forfeiture as necessary to avoid a violation of the Excessive Fines Clause of the Eighth Amendment of the Constitution.

forfeiture in the amount of $65,000, as requested by the government, would be not be commensurate with the gravity of Simmons offense and would be disproportionate to the fine, if any, that would have been imposed at sentencing.

For the reasons set forth herein, the government's motion to alter or amend the judgment will be denied. Accordingly,

IT IS ORDERED that government's motion to alter or amend the judgment (Filing No. 59) is denied.

DATED this 24th day of April, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court